JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs, Richard and Elizabeth Garcia, appeal the trial court's order granting a Civ.R. 60(B) motion filed by defendant, Denne Industries, Inc., for relief from judgment.
 {¶ 2} Plaintiffs filed this personal injury suit against defendant as a result of injuries Richard Garcia suffered when the tractor-trailer he was operating rolled over. Plaintiffs allege that defendant's employees negligently loaded steel coils onto the truck and that this action prompted it to roll over and toss Garcia violently inside the truck's cab.
 {¶ 3} When defendant failed to move, answer, or otherwise respond to their complaint, plaintiffs filed a motion for default judgment. Granting plaintiffs' motion, the trial court entered judgment against defendant in the amount of $150,000.00.
 {¶ 4} Less than one month after the judgment was rendered against it, defendant filed a motion to vacate the judgment. The trial court granted defendant's motion. Plaintiffs filed this timely appeal in which they assert one assignment of error, which states as follows:
THE TRIAL JUDGE ABUSED HIS DISCRETION BY VACATING THE DEFAULT JUDGMENT THAT HAD BEEN ENTERED EVEN THOUGH DEFENDANT-APPELLEE HAD FAILED TO PRESENT ANY EVIDENCE OF LEGITIMATE EXCUSABLE NEGLECT.
 {¶ 5} Plaintiffs argue that the trial court erred in granting the defendant's motion for relief from judgment because defendant did not demonstrate "excusable neglect" as required by Civ.R. 60(B)(1).
 {¶ 6} "`A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. * * *'" Beach Body Tanning v. Kovach,
Cuyahoga App. No. 85142, 2005-Ohio-2629, at ¶ 5, citing Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. Abuse of discretion means "more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary or unconscionable." Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 7} Civ.R. 60(B) is a remedial rule and should be liberally construed because cases should be decided upon their merits, rather than on procedural technicalities. Id., citing Blasco v.Mislik (1982), 69 Ohio St.2d 684, 433 N.E.2d 612.
 {¶ 8} Civ.R. 60(B) provides as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 9} When moving for relief from judgment under Civ.R. 60(B), the party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant must satify all three requirements.
 {¶ 10} The term "excusable neglect" is not easily defined and should, therefore, be decided on a case-by-case basis. See, Kayv. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20,665 N.E.2d 1102. In the most extreme case, there can be no "excusable neglect" where the movant has demonstrated a complete disregard for the judicial system. Id.
 {¶ 11} In the case at bar, plaintiffs filed their complaint on September 10, 2004. On September 20, 2004, the trial court's docket shows that defendant received service of the complaint. By November 30, 2004, defendant had not answered or otherwise responded to the complaint and the court set January 6, 2005, as the date for a default hearing. Notice was issued.
 {¶ 12} The January 6th date came and went. Then on January 26, 2005, the trial court held a case management conference. Because defendant did not appear, the court's journal entry gave the following notice to defendant: "* * * COURT WILL ENTER DEFAULT JUDGMENT ON BEHALF OF PLAINTIFFS AGAINST DEFENDANT DENNE INDUSTRIES." On January 31, 2005, the trial court entered default judgment against defendant in the amount of $150,000.00.
 {¶ 13} Defendant filed a motion to set aside the default judgment on February 23, 2005. In that motion, defendant explained why it did not respond to either plaintiffs' complaint or appear at the default judgment hearing.
 {¶ 14} Specifically, Robert S. Davis, by affidavit stated as follows:
1. I have personal knowledge of all the facts contained in this affidavit and am competent to testify to the matters stated herein.
2. I was appointed Receiver of Defendant, Denne Industries, Inc. * * * by the Honorable Thomas Janas of Lorain County Court of Common Pleas on December 22, 2004 in the case captioned FirstMerit Bank, N.A. v. Denne Industries, Inc., et al., Lorain County Common Pleas Court, Case No. 04 CV 139462. A true and accurate copy of the order is attached hereto and incorporated herein.
3. Upon being appointed as Receiver, the former management of Denne Industries did not inform me of this pending lawsuit. I first learned of this case when I was telephoned by court personnel on January 10, 2005. I have never received written notification nor was I ever informed of any hearing dates before the Court, including the case management conference of January 26, 2005.
4. On January 11, 2005, I notified the Court via facsimile of my appointment as Receiver of Defendant, my plans regarding the sale of defendant's assets, and my understanding that The Cincinnati Insurance Companies [sic] was to defend this action.
5. Upon learning of this pending action I immediately notified Denne Industries' insurance carrier, The Cincinnati Insurance Companies. It was my understanding that The Cincinnati Insurance Companies would immediately take up the defense of this matter.
6. It is my understanding that The Cincinnati Insurance Companies contacted Plaintiffs' counsel. Plaintiffs' counsel, however, failed to notify Defendant's insurance carrier of any scheduled hearings or conferences or the current status of the case.
7. I was unaware that a case management conference was scheduled for January 26, 2005 and was unaware that a default hearing had been held on January 6, 2005.
8. Defendant has a good and meritorious defense on the merits to the cause of action set up in Plaintiffs' Complaint.
Exhibit A. The affidavit is dated and sworn on February 17, 2005.
 {¶ 15} Further, in its Motion to Set Aside Default Judgment, defendant asserted its meritorious defense to plaintiffs' personal injury claims. Defendant acknowledged that plaintiff, Richard Garcia, was injured at defendant's business while he was picking up a load of material in his truck. Defendant's primary defense is that Garcia breached his duty to inspect his vehicle and make sure that it was properly secured. Defendant asserts that Garcia's own negligence, not its actions, proximately caused his injuries.
 {¶ 16} From the record before this court, defendant timely responded to the entry of default judgment against it less than one month after it occurred. Davis' sworn statements in his affidavit establish that even though he was the defendant's receiver, no one at the company advised him about the lawsuit having been filed or anything else about it. Moreover, the fact that defendant was put into a receivership supports, at a minimum, that defendant was experiencing some type of operational crisis when the proceedings in this case were first begun and thereafter until January 10, 2005, when Davis first learned about the case.
 {¶ 17} Plaintiffs argue that defendant has not shown excusable neglect because it has not demonstrated why, after learning about the lawsuit on January 10th, it did nothing to protect its interests until the default judgment had been rendered. We reject this claim and plaintiffs' additional argument that defendant failed to substantiate its motion to vacate with "evidence of the type required in summary judgment proceedings under Civ.R. 56." Plaintiffs' Reply Brief, at 1.
 {¶ 18} Movants are not required to support their motions with evidentiary materials; however, movants must do more than make bare allegations that they are entitled to relief. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564. Second, Davis' affidavit expressly states that, as soon as he learned about the pending case, he "immediately notified Denne Industries' insurance carrier, The Cincinnati Insurance Companies" and that he thought "The Cincinnati Insurance Companies would immediately take up the defense of this matter."
 {¶ 19} While the trial court proceedings were pending, defendant had gone into receivership. Though we agree with plaintiffs that being in receivership does not always mean financial failure of a company, we, nonetheless, conclude that receivership is almost always indicative of some sort of organizational chaos. The trial judge may consider the company's receivership condition contributed to its failure to make an appearance until January 10, 2005. We find no basis to conclude otherwise.
 {¶ 20} While we acknowledge plaintiffs' robust objection to the trial court granting defendant's motion for relief from the default judgment of $150,000.00, we find that the trial judge did not abuse his discretion in allowing the case to proceed on its merits.
 {¶ 21} For all the foregoing reasons, plaintiffs' sole assignment of error is overruled and the judgment of the trial court is affirmed. Judgment accordingly.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and George, J.,* concur.
* SITTING BY ASSIGNMENT: JUDGE JOYCE GEORGE, RETIRED, OF THE NINTH DISTRICT COURT OF APPEALS.