OPINION
{¶ 1} Plaintiff-appellant, Samuel Chirico, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 60(B) motion of defendant-appellee, Home Depot, for relief from judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 2, 2004, plaintiff filed a complaint against Home Depot, alleging negligence. More specifically, plaintiff alleged that on or about August 31, 2002, he was injured, as a result of defendant's negligence,[1] while shopping at the Home Depot located at 2480 Brice Road, Reynoldsburg, Ohio.
 {¶ 3} On February 13, 2004, defendant received a certified copy of the complaint at its Brice Road store. The signed certified mail receipt was filed in the trial court on February 17, 2004. On March 23, 2004, plaintiff filed a motion for default judgment against defendant for failure to move or otherwise plead in the action. On May 19, 2004, the trial court granted the motion for default judgment and referred the matter to a magistrate for a damages hearing. Plaintiff appeared and presented evidence at the hearing before the magistrate. The magistrate issued a decision and recommendation on August 2, 2004, recommending judgment for plaintiff in the amount of $60,000 plus interest and costs. On August 13, 2004, defendant filed a motion to vacate the default judgment pursuant to Civ.R. 60(B). On August 20, 2004, the trial court adopted the decision and recommendation of the magistrate, and accordingly entered judgment in favor of plaintiff and against defendant in the amount of $60,000, plus interest and costs. On August 30, 2004, defendant moved the trial court to reconsider its August 20, 2004 judgment entry and moved the trial court to vacate said judgment entry.
 {¶ 4} On September 17, 2004, defendant appealed to this court from the August 20, 2004 judgment entry, and the matter was assigned case No. 04AP-947. On October 25, 2004, this court remanded the matter to the trial court for the limited purpose of permitting the trial court to determine the pending Civ.R. 60(B) motion.
 {¶ 5} Upon remand, the trial court issued a decision and entry granting defendant's motion to vacate the judgment entry dated August 20, 2004, and denied plaintiff's motion for leave to conduct discovery. Plaintiff appeals and has asserted the following two assignments of error:
[1.] THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT IN THAT GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WAS AN ABUSE OF DISCRETION.
[2.] THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT THE RIGHT OF DISCOVERY AND THEN A HEARING ON THE ISSUES RAISED IN APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 6} Under his first assignment of error, plaintiff argues that the trial court abused its discretion in granting defendant's Civ.R. 60(B) motion. Civ.R. 60(B) provides as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electricv. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each requirement is independent of the others, and, therefore, the moving party must separately establish all three requirements of the "GTE test," or the Civ.R. 60(B) motion will be denied.
 {¶ 8} "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." Sain v. Roo,
Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citingOberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Plaintiff concedes that defendant's Civ.R. 60(B) motion was timely filed and therefore defendant met the third prong of the GTE test. However, plaintiff argues that defendant failed to establish the first and second prongs of the GTE test. Specifically, plaintiff argues that defendant failed to present evidence of excusable neglect and a meritorious defense. Upon our review of the record, we disagree with plaintiff's argument.
 {¶ 10} As provided under the first prong of the GTE test, to prevail on a motion for relief from judgment, the moving party must establish that it has a meritorious defense or claim to present if relief is granted. "The movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense." Colley v. Bazell (1980),64 Ohio St.2d 243, 247, fn. 3. This requires the movant party to allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test." Syphard v.Vrable (2001), 141 Ohio App.3d 460, 463. Ultimately, "a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." Amzee Corp. v. ComericaBank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20.
 {¶ 11} In this case, plaintiff's claim against defendant was based on a theory of negligence. "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. The magistrate's decision and recommendation as to the amount of damages indicates that plaintiff presented evidence that the physical injury he sustained as a result of defendant's negligence was a broken left foot. The magistrate's decision indicates that plaintiff presented evidence at the hearing demonstrating that he broke his foot on August 31, 2002, at the Brice Road Home Depot, when lumber fell on him while he was shopping at the store. The magistrate recommended an award of $60,000 as reasonable damages for plaintiff's fractured left foot. The trial court adopted the magistrate's decision and recommendation and accordingly entered judgment in favor of plaintiff and against defendant in the amount of $60,000.
 {¶ 12} An affidavit submitted with defendant's Civ.R. 60(B) motion provides evidentiary support for the defense that the injury to plaintiff's foot, which was the subject of the damages hearing, did not occur at the Brice Road Home Depot on or about August 31, 2002, and, therefore, was not the result of Home Depot's alleged negligence on or about that date. According to the affidavit of Jack McEowen, an assistant store manager at the Brice Road Home Depot, the accident that was reported by plaintiff at that Home Depot, on or about August 31, 2002, related to an injury to plaintiff's left thumb caused by a staple on the end of a board, while plaintiff was lifting lumber. According to Mr. McEowen, plaintiff did not report any injury to his foot on or about August 31, 2002. It would be reasonable to infer from Mr. McEowen's affidavit that plaintiff's injury to his foot did not occur at the Home Depot on or about August 31, 2002, and, therefore, plaintiff's foot was not injured as a result of negligence by defendant on or about August 31, 2002.
 {¶ 13} Considering the foregoing, we conclude that the trial court did not abuse its discretion in finding that defendant has a meritorious defense to present if relief is granted.
 {¶ 14} Regarding the second prong of the GTE test, the trial court determined that defendant had established excusable neglect under Civ.R. 60(B)(1). Excusable neglect has been defined by the Supreme Court of Ohio as follows:
* * * The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." * * *
(Citations omitted.) Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20. "[A] determination of excusable neglect will turn on the facts and circumstances presented in each case."Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578,582, citing Colley, supra. The Supreme Court of Ohio has stated that "the concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" (Citations omitted.) Colley,
at 248. Furthermore, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTEAutomatic Electric, supra, at paragraph three of the syllabus.
 {¶ 15} In order to demonstrate excusable neglect, it is sufficient to show: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process; and (2) that such procedure was inadvertently not followed until such time as a default judgment had already been entered against the corporate defendant. Beck Durell CreativeDept., Inc. v. Imaging Power, Inc., Franklin App. No. 02AP-281, 2002-Ohio-5908, at ¶ 12, citing Perry v. Gen. Motors Corp.
(1996), 113 Ohio App.3d 318.
 {¶ 16} Citing an affidavit of defendant's corporate counsel, Edwin L. Hamilton, which was submitted in support of defendant's Civ.R. 60(B) motion, the trial court reasoned that defendant had established excusable neglect under this court's decision inPerry. Specifically, the trial court found that defendant had established a procedure that was to be followed upon service of a complaint, but also found that the procedure was inadvertently not followed. Plaintiff argues that the affidavit of Mr. Hamilton did not provide sufficient operative facts for the trial court to find excusable neglect. Plaintiff contends that there was no evidence or explanation as to why the policy failed. Regarding that issue, plaintiff seems to argue that defendant failed to provide any evidence demonstrating "inadvertence" under the two-part test discussed in Beck Durell Creative Dept., Inc. andPerry.
 {¶ 17} Mr. Hamilton's affidavit states, in pertinent part, as follows:
5. It is the policy of Home Depot, U.S.A., Inc. that if an employee of any Home Depot store is served with a summons and/or lawsuit naming "Home Depot" as a party, that such documents shall be forwarded to the corporate law department in Atlanta, Georgia.
* * *
9. On February 17, 2004, the record revealed that service by certified mail was made at the address located at 2480 Brice Rd., Reynoldsburg, Ohio 43068.
* * *
11. The corporate law department in Atlanta, Georgia has no knowledge or record of ever receiving the summons and complaint that was filed by Plaintiff on February 2, 2004 and served at the 2480 Brice Road, Reynoldsburg, Ohio address on February 17, 2004.
 {¶ 18} Mr. Hamilton's affidavit indicates that defendant's established policy is to forward any summons and/or lawsuit naming "Home Depot" as a party to the corporate law department in Atlanta, Georgia. However, the affidavit also indicates that the corporate law department never received the complaint that was served at the Brice Road Home Depot in February 2004. Therefore, even though service was completed by certified mail at the Home Depot store, and despite the existence of defendant's established policy regarding the forwarding of a complaint to the corporate law department, the complaint was not received by that department. Regarding plaintiff's specific argument that defendant did not demonstrate exactly why the procedure failed, we conclude that, considering the absence of any evidence of bad faith, it would be reasonable to infer that defendant's established procedure was inadvertently not followed in this case. See Buck Durell Creative Dept. (finding excusable neglect, despite lack of direct evidence explaining why the copy of the complaint did not reach the appropriate party in the corporate hierarchy). Therefore, in view of the facts of this case, we conclude that the trial court did not abuse its discretion in finding defendant entitled to relief pursuant to Civ.R. 60(B)(1).
 {¶ 19} Accordingly, we overrule plaintiff's first assignment of error.
 {¶ 20} By his second assignment of error, plaintiff argues that the trial court should have permitted discovery and held a hearing on defendant's Civ.R. 60(B) motion. Plaintiff argues that as a result of this error by the trial court, he was not provided the opportunity to challenge defendant's meritorious defense assertion. Plaintiff's argument is unpersuasive. It is the burden of the party moving for Civ.R. 60(B) relief to establish the three requirements of the GTE test. Regarding the meritorious defense prong of that test, it is the burden of the movant to establish that it has a meritorious defense to present if relief is granted. Additional discovery may have provided more evidence relating to the merits of a defense. However, for purposes of theGTE test, the movant need not prove that it will prevail on the defense. Furthermore, where a movant has sufficiently set forth evidence demonstrating that the requirements of the GTE test have been met, a trial court may grant the Civ.R. 60(B) motion without holding an evidentiary hearing on the issue. SeeDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. Here, defendant sufficiently set forth evidence establishing the requirements of the GTE test.
 {¶ 21} Considering the foregoing, we find that it was not error for the trial court to deny plaintiff's motion for leave to conduct discovery and to not hold an evidentiary hearing on defendant's Civ.R. 60(B) motion. Consequently, we overrule plaintiff's second assignment of error.
 {¶ 22} Having overruled plaintiff's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and Travis, JJ., concur.
[1] Defendant has clarified that Home Depot, U.S.A., Inc., owns and operates the store doing business as "The Home Depot" at 2480 Brice Road, Reynoldsburg, Ohio.