OPINION
{¶ 1} This matter is submitted to this court on the record and the brief of appellant, David E. Feathers. Appellee, Lorrie J. Dottore, has not filed an appellate brief. Feathers appeals the judgment entered by the Domestic Relations Division of the Portage County Court of Common Pleas. The trial court denied Feathers' motion for relief from judgment. *Page 2 
 {¶ 2} Feathers and Dottore were married in 2003. In 2004, due to Dottore's allegations against him, Feathers was charged with domestic violence, aggravated burglary, and felonious assault. In November 2004, Dottore filed a complaint for divorce. Feathers filed a pro se answer from the Portage County Jail, where he was being held pending his trial on the felony offenses.
 {¶ 3} In March 2005, Feathers filed a motion to continue the hearing set for March 9, 2005 in the divorce case. He argued that his felony trial was scheduled to begin, and Dottore would be testifying against him in that matter. He asserted it would be prejudicial to conduct the divorce hearing prior to the felony trial. The trial court denied Feathers' motion to continue. Even though Feathers' motion was denied, the trial in the divorce case did not occur until November 2005. The record does not indicate the reason for this delay.
 {¶ 4} A hearing notice regarding the final hearing was sent to Feathers at the Portage County Jail. However, the notice was returned to the clerk's office, as Feathers was no longer in the Portage County Jail. He had been sentenced to state prison due to his convictions on the felony offenses.
 {¶ 5} The trial court conducted the trial without Feathers being present. Following the trial, the trial court issued a judgment entry containing a decree of divorce. Therein, the trial court divided the parties' debts and assets. Part of the trial court's distribution included awarding Feathers' personal injury settlement from a motor vehicle accident to Dottore. *Page 3 
 {¶ 6} Feathers filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied Feathers' motion without a hearing.
 {¶ 7} Feathers raises the following assignment of error:
 {¶ 8} "The trial court abused its discretion in overruling defendant's motion for relief under Civil Rule 60(B), where it failed to conduct an evidentiary hearing that would have shown that the defendant had not received service of process in accordance with the Civil Rules of Procedure."
 {¶ 9} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion."[1] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
 {¶ 10} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment *Page 4 
should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[3]
 {¶ 13} On the outset, we note "that Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served."[4]
The trial court noted that Feathers did not specifically cite to any of the prongs of Civ.R. 60(B). Upon reviewing Feathers' motion, it is clear that Feathers stated he did not attend the final divorce hearing because he did not receive notice of it. Further, he advances an argument regarding the award of his personal injury settlement to Dottore. The trial court should have considered Feathers' motion on the issues it presented, rather than overruling it on a technicality. Moreover, for the reasons that follow, we conclude the trial court abused its discretion by failing to hold a hearing on Feathers' motion. *Page 5 
 {¶ 14} The Supreme Court of Ohio has held, "`[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under the Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'"[5] The failure to hold such a hearing may constitute an abuse of discretion.[6]
 {¶ 15} We will first address whether Feathers' motion was timely. The trial court's judgment entry was filed on December 7, 2005. Feathers' motion for relief from judgment was filed March 16, 2006. This delay was approximately three months and one week. Courts should consider factors in addition to the total time that has passed.[7] One factor to consider is the movant's degree of fault for not filing the motion sooner.[8] In this matter, Feathers argued that he was incarcerated in a state prison and was unaware of the trial court's judgment entry. The record contains a returned envelope, which was originally sent from the trial court to the Portage County Jail, stamped "return to sender — not in Portage County Jail." Where, as in this case, the record supports the movant's assertion that he filed the motion upon learning of the judgment, the motion will generally be considered timely.[9] InState Farm Ins. Co. v. Valentino d.b.a. J V Roofing, the Seventh Appellate District held that a delay of four months was not unreasonable where the movant asserted he did not immediately learn of the judgment and the trial court's judgment entry does not indicate it was sent to the movant.[10] In the instant matter, the trial court's judgment entry does not specifically indicate it was sent *Page 6 
to Feathers. Moreover, the court had the wrong address for Feathers, so it is doubtful that Feathers timely received a copy of the trial court's judgment entry. Based on a totality of the circumstances, we conclude Feathers' motion was timely filed.
 {¶ 16} Although his motion did not cite the specific section of the rule, it is apparent that Feathers was seeking relief from judgment pursuant to Civ.R. 60(B)(1). He was arguing that his failure to attend the hearing was due to "excusable neglect."
 {¶ 17} The Supreme Court of Ohio has "defined `excusable neglect' in the negative and [has] stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"[11]
 {¶ 18} The Fourth Appellate District has held that a pro se litigant's failure to inform the court of his new address was excusable neglect.[12] In this matter, while Feathers did not inform the court of his new address, he did take steps to inform the court that the Portage County Jail would not be his permanent address. He filed a motion to continue, wherein he informed the court that he was being held in the Portage County Jail awaiting felony charges and that his criminal trial was imminent. The inference to the court was apparent, following the felony trial, Feathers would no longer be a resident of the Portage County Jail. He would either be sent to prison, if convicted, or released, if acquitted. Moreover, as was the case in In re Beekman, Dottore, the opposing party, knew he was no longer at his former address.[13] In In re Beekman, the court was troubled with the fact the appellee did not inform the court of the appellant's *Page 7 
new address.[14] In this matter, while she may not have known Feathers' mailing address, Dottore no doubt was aware that he had been sentenced to prison due to his convictions for crimes in which she was the victim and that he was no longer in the Portage County Jail.
 {¶ 19} This opinion should not be construed as imposing a new duty on trial courts to conduct lengthy searches in an attempt to discover the current addresses of litigants. However, based on the unique facts of this case, it is readily apparent that everyone in the courtroom was aware that Feathers was in a state prison when he failed to attend the trial. Feathers' whereabouts could have been readily ascertained by a simple search of the Department of Rehabilitation and Corrections website.
 {¶ 20} Based on the foregoing, we cannot conclude Feathers showed a complete disregard for the judicial system. Thus, Feathers has demonstrated excusable neglect.
 {¶ 21} We will now address whether Feathers alleged a meritorious defense. He asserted that the trial court erroneously distributed his personal injury settlement to Dottore. We note that "personal property settlements are generally characterized as separate property."[15] The trial court's judgment entry does not provide any reasoning explaining why the trial court deviated from this general rule. Accordingly, Feathers alleged a meritorious defense. *Page 8 
 {¶ 22} The trial court abused its discretion by not conducting a hearing on Feathers' motion for relief from judgment.
 {¶ 23} In Kay v. Marc Glassman, Inc., the Supreme Court of Ohio held that under the facts of that case, and since the grounds for relief were apparent in the record, the movant was entitled to relief from judgment as a matter of law.[16] Thus, the court held the trial court abused its discretion in not holding an evidentiary hearing and, ultimately, in not granting the movant's motion.[17] In the case sub judice, Feathers did not attach evidentiary materials to his motion for relief from judgment. While this failure does not invalidate his motion,[18] we cannot say that Feathers is entitled to relief from judgment as a matter of law. We have concluded as a matter of law that Feathers' motion was timely filed and that he has demonstrated excusable neglect. However, while he has made sufficient allegations to warrant a hearing on the meritorious defense prong, he has not demonstrated this prong to the point where we can conclude he is entitled to relief from judgment at this time. Therefore, this matter is remanded to the trial court to hold an evidentiary hearing on Feathers' motion for relief from judgment. If, at the hearing, Feathers' can adequately demonstrate the finalGTE prong (meritorious defense) then the trial court should grant his motion for relief from judgment. *Page 9 
 {¶ 24} Feathers' assignment of error has merit.
 {¶ 25} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also,GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,150.
[2] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[3] GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus.
[4] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, citingColley v. Bazell (1980), 64 Ohio St.2d 243, 249.
[5] Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 19, quotingAdomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
[6] Id.
[7] Taylor v. Haven (1993), 91 Ohio App.3d 846, 852.
[8] Id.
[9] See State Farm Ins. Co. v. Valentino d.b.a. J V Roofing, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, at ¶ 28.
[10] Id.
[11] Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 20, quoting GTEAutomatic Electric v. ARC Industries, 47 Ohio St.2d at 153.
[12] In re Beekman, 4th Dist. No. 90CA1883, 1991 Ohio App. LEXIS 4314, at *10.
[13] Id.
[14] Id.
[15] Lewis v. Lewis, 11th Dist. No. 2002-P-0111, 2003-Ohio-5006, at ¶ 38. See, also, R.C. 3105.171(A)(6)(a)(vi).
[16] Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 20.
[17] Id. at 20-21.
[18] Id. at 20, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.