OPINION
{¶ 1} This matter is submitted to this court on the record and the brief of appellant, David E. Feathers. Appellee, Lorrie J. Dottore, has not filed an appellate brief. Feathers appeals the judgment entered by the Domestic Relations Division of the Portage County Court of Common Pleas.
 {¶ 2} The parties were married in 2003. In November 2004, Dottore filed a complaint for divorce. In December 2004, Feathers filed an answer to the complaint. In March 2005, Feathers filed a motion for continuance of the divorce trial, on the ground *Page 2 
that he was facing felony charges in which Dottore was the alleged victim, and he would be prejudiced if the divorce trial occurred prior to his criminal trial. At the time he filed this motion, Feathers was incarcerated in the Portage County Jail awaiting trial on the felony charges. While the trial court did not expressly grant Feathers' motion for continuance, the divorce trial was not held until November 2005.
 {¶ 3} The hearing notice for the November hearing was sent to Feathers at the Portage County Jail. However, by that time, Feathers had been convicted of the felony offenses and sentenced to prison. Thus, the hearing notice was returned to the clerk of courts' office with a notation that Feathers was no longer at the Portage County Jail.
 {¶ 4} On December 7, 2005, the trial court issued a judgment entry indicating the matter came for a final divorce hearing on November 18, 2005. Dottore was present for the hearing, but Feathers was not. Among other matters, the trial court divided the parties' assets and debts. The trial court awarded the proceeds of Feathers' personal injury settlement to Dottore.
 {¶ 5} In March 2006, Feathers filed a motion for relief from judgment pursuant to Civ. R. 60(B). The trial court denied Feathers' motion. Feathers appealed the denial of his Civ. R. 60(B) motion to this court. This court ruled that Feathers had met the second and third prongs of the test set forth in GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, to wit: his motion was timely filed and he demonstrated excusable neglect. Dottore v.Feathers, 11th Dist. No. 2006-P-0031, 2007-Ohio-2435, at ¶ 12 23. This court considered whether Feathers' allegation that the trial court improperly awarded his personal injury settlement to Dottore constituted a meritorious defense. Id. at ¶ 21. However, this court held that "while [Feathers] made sufficient allegation to warrant a hearing on the meritorious defense prong, he has not *Page 3 
demonstrated this prong to the point where we can conclude that he is entitled to relief from judgment at this time." Id. at ¶ 23. Thus, this court remanded the matter to the trial court to hold a hearing on whether Feathers could meet the meritorious defense prong. Id.
 {¶ 6} Upon remand to the trial court, Feathers filed a motion for "an order to obtain the complete record" including all transcripts of prior proceedings. In his motion, Feathers averred that he was indigent, and he attached an affidavit of indigency to his motion. The trial court overruled Feathers' request to be provided "copies of transcripts, pleadings and judgment entries filed in this matter free of charge."
 {¶ 7} Feathers submitted a brief to the trial court stating his position that the personal injury settlement proceeds were his separate property. On August 3, 2007, the trial court held a hearing on the matter. Dottore attended this hearing, but Feathers did not. Following the hearing, the trial court again concluded the personal injury settlement proceeds should be awarded to Dottore. The trial court ordered the law firm in possession of the settlement proceeds to convey the proceeds to Dottore ten days after the judgment entry being filed.
 {¶ 8} Feathers has appealed the trial court's August 7, 2007 judgment entry to this court. Feathers raises three assignments of error. His first assignment of error is:
 {¶ 9} "The trial court abused it's discretion in arbitrarley, unconscionalley, in erroneously distributing appellant's personal injury settlement to appellee that was based upon the presentation of fraudulent evidence used to pay debts acquired by appellee prior to the short term marriage. In violation of appellant's equal protection and due process of law, under the Fifth and Fourteenth Amendments to the United States Constitution [sic]." *Page 4 
 {¶ 10} Pursuant to App. R. 9(B), Feathers had a duty to file the relevant transcripts with this court. Feathers has failed to file a transcript of the original divorce hearing or the hearing upon remand. In addition, Feathers has not filed a statement of the evidence pursuant to App. R. 9(C).[1] "[T]his court has previously held that `if appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment.'"Patterson Simonelli v. Silver, 11th Dist. No. 2003-L-055,2004-Ohio-3028, at ¶ 31. (Citations omitted.)
 {¶ 11} "A trial court has broad discretion in making division of property in domestic cases." Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. A reviewing court will not disturb the trial court's decision unless it finds that the trial court abused its discretion. Id., citingHolcomb v. Holcomb (1989), 44 Ohio St.3d 128 and Martin v. Martin
(1985), 18 Ohio St.3d 292, 294-295. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 12} The trial court noted that there was evidence presented showing the personal injury settlement was $6,300. Further, the trial court stated 40 percent, or $2,520, of this amount was the personal injury attorney's fee. Also, the trial court noted there was evidence of an outstanding claim against the settlement in the amount of *Page 5 
$2,000 from a therapeutic office. Thus, the trial court concluded that, at most, Dottore would receive $1,780.
 {¶ 13} Further, the trial court noted that the parties had significant marital debt. The trial court found that Feathers had not made any payment toward the debt, while Dottore "made a concerted effort to pay on those debts, and did pay approximately $5,000.00 in order to avoid filing an action in bankruptcy." In addition, the trial court found that Dottore had, in fact, eventually resorted to filing bankruptcy and had incurred expenses of approximately $1,300 related to the bankruptcy filing.
 {¶ 14} Based on the limited record before this court, we cannot conclude that the trial court abused its discretion by awarding the personal injury settlement proceeds to Dottore. Accordingly, Feathers has not met his burden of demonstrating a meritorious defense, and the trial court properly denied his Civ. R. 60(B) motion.
 {¶ 15} Feathers' first assignment of error is without merit.
 {¶ 16} Feathers' second assignment of error is:
 {¶ 17} "The trial court abused it's discretion in issuing a ten day court order, authorizing counsel for appellant to process the claim on behalf of appellee. Thus deprived the appellant of the right to a timely appeal. In violation of the due process of law under the Fifth andFourteenth amendments to the United States Constitution, and Article One Section Ten of the Ohio Constitution [sic]."
 {¶ 18} Feathers argues that the trial court precluded his right to an appeal by ordering the personal injury attorney to convey the proceeds of the settlement to Dottore ten days after the judgment entry was filed. He contends that he had 30 days to appeal the trial court's judgment pursuant to App. R. 4(A) and that the trial court's order precluded him from a meaningful appeal. *Page 6 
 {¶ 19} Feathers filed a motion to stay the trial court's judgment entry with the trial court. The trial court granted Feathers' motion and issued a stay "pending Defendant's filing of an appeal." The stay was conditioned on the posting of a $2,000 supersedeous bond. Feathers did not post the required bond. Instead, Feathers filed a "response to court's stay judgment order." Therein, Feathers argued that he did not request a stay pending the filing of his appeal but, rather, pending the outcome of the appeal. We note the trial court's judgment entry does state that Feathers requested a stay pending the "filing" of his appeal. However, Feathers did not move the trial court to clarify its judgment entry. In addition, he claimed his request for a stay was moot, since he had already filed his notice of appeal with this court.
 {¶ 20} In addition, if Feathers believed the trial court denied his motion, he could have filed a motion to stay the trial court's judgment entry in this court pursuant to the procedure contained in App. R. 7(A).
 {¶ 21} Feathers failed to post the requisite bond to invoke the conditions of the trial court's stay. In addition, Feathers failed to move this court for a stay of the trial court's judgment. However, since these options were available to him, his right to appeal the judgment was not compromised.
 {¶ 22} Finally, Feathers was not left without remedy in spite of the ten-day period to distribute the proceeds. In the event this court determined that distribution of this amount to Dottore was error, it could have remanded the matter to the trial court with instructions to order Dottore to submit the funds, grant judgment against Dottore, or some other alternative.
 {¶ 23} Feathers' second assignment of error is without merit.
 {¶ 24} Feathers' third assignment of error is: *Page 7 
 {¶ 25} "The trial court abused it's discretion in overruling appellant's request for a copy of the original judgment entry needed in which to plead or otherwise answer at the hearing on remand. Thus appellant was deprived of an opportunity to be heard and defend himself, in violation of the Fifth and Fourteenth Amendments to the United States Constitution [sic]."
 {¶ 26} On appeal, Feathers argues the trial court terminated his pretrial discovery. However, in his motion, Feathers was requesting certain items, including transcripts, be provided at public expense.
 {¶ 27} Generally, "indigent civil litigants have no due process rights to the payment of litigation expenses by the state." Mooney v.Demchuk (Nov. 21, 1990), 8th Dist. No. 57714, 1990 Ohio App. LEXIS 5045, at *4, citing Matyaszek v. Howell (Mar. 12, 1987), 8th Dist. No. 51813, 1987 Ohio App. LEXIS 7038. Further, we note that courts have held that indigent civil litigants are only entitled to public payment of expenses for the production of transcripts in limited cases, such as those involving the termination of parental rights. McDermott v. State, 5th Dist. No. 2004-CA-00178, 2004-Ohio-5560, at ¶ 19-20, citingMatyaszek v. Howell, supra. (Secondary citations omitted.)
 {¶ 28} Since this was a civil proceeding, the trial court did not err by denying Feathers' request for production of transcripts and other documents at public expense.
 {¶ 29} Feathers' third assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.
[1] The Supreme Court of Ohio has held, in the context of a civil case, that "a transcript is unavailable for purposes of App. R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript." State ex rel. Motley v. Capers (1986), 23 Ohio St.3d 56,58. Thus, if Feathers had demonstrated that he was indigent and unable to afford the costs of a transcript, the procedure set forth in App. R. 9(C) may have been a means for him to satisfy his burden pursuant to App. R. 9(B). *Page 1