[Cite as *Scheetz v. Jubilee Heating & Cooling*, 2020-Ohio-5555.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

David Scheetz, Precision Remodeling 　　　　Court of Appeals No. E-20-007

　　　　Appellee 　　　　　　　　　　　　　Trial Court No. CVI 1900203

v.

Jubilee Heating & Cooling
and John Kelley 　　　　　　　　　　　　**DECISION AND JUDGMENT**

　　　　Appellant 　　　　　　　　　　　　Decided: December 4, 2020

* * * * *

Reese M. Wineman, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Jubilee Heating & Cooling and John Kelley, appeals the March 2, 2020 judgment of the Huron Municipal Court which denied the Civ.R. 60(B) motion for relief from a judgment in favor of plaintiff-appellee, David Scheetz, Precision Remodeling. Because we find that the court did not abuse its discretion, we affirm.

**{¶ 2}** This small claims contract action commenced on September 13, 2019, with appellee asserting that he was owed $5,800 in damages for incomplete heating and cooling work. Appellant filed an answer and counterclaim for $6,000 for work he claimed was completed.

**{¶ 3}** A hearing on the matter was held on November 8, 2019; appellant did not appear at the hearing and judgment was entered in appellee's favor on November 15, 2019, and appellant's counterclaim was dismissed. On December 19, 2019, appellant filed a Civ.R. 60(B) motion for relief arguing excusable neglect. Specifically, appellant claimed that he had not received notice of the hearing and that "he has had problems receiving his mail in the past." Appellant stated that he had a meritorious defense and a counterclaim.

**{¶ 4}** Following a hearing on the motion, on March 2, 2020, the trial court denied the motion finding that appellant failed to establish excusable neglect due to his prior knowledge that he had problems receiving mail at the address and his failure to remedy the issue combined with the fact that the information was available on the court's website. This appeal followed with appellant raising one assignment of error for our review:

> Assignment of Error - The trial court below abused its discretion and improperly denied the defendant's motion for relief pursuant to Civil Rule 60(B)(1), based upon excusable neglect.

2.

{¶ 5} In appellant's sole assignment of error he argues that the trial court should have granted his Civ.R. 60(B) motion due to excusable neglect. In reviewing the denial of a Civ.R. 60(B) motion, an appellate court applies an abuse of discretion standard. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 6} In order to be entitled to relief from judgment under Civ.R. 60(B), appellant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 7} In general, the determination of whether excusable neglect occurred "must of necessity take into consideration all the surrounding facts and circumstances." *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980). Excusable neglect has been

3.

defined as some action "'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 2011CA00180, 2011CA00230, 2012-Ohio-2909, ¶ 28, quoting *Emery v. Smith*, 5th Dist. Stark Nos. 2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶ 16. "'Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring.'" *Id.*, quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 22.

{¶ 8} Appellant supports his argument with several appellate court decisions where relief was granted at either the trial or appellate court level. First, the Eleventh Appellate District granted Civ.R. 60(B) relief in a divorce action where the defendant was notified of the hearing at the county jail rather than the state prison where he was located. *Dottore v. Feathers*, 11th Dist. Portage No. 2006-P-0031, 2007-Ohio-2435. Next, appellant relies on cases involving corporate defendants and the failure of internal procedures upon receipt of notice of a legal action. *Chirico v. Home Depot*, 10th Dist. Franklin No. 05AP-217, 2006-Ohio-291; *Garcia v. Denne Indust.*, 8th Dist. Cuyahoga No. 86202, 2006-Ohio-107. These cases also demonstrated a compelling meritorious defense.

{¶ 9} Appellant further cites a case from this court where we concluded that where a showing is made that the defendant is not the proper party and that he, on multiple occasions, attempted to notify the plaintiff of this fact, the trial court abused its discretion

4.

in denying the motion for relief. *Rocha v. Salsbury*, 6th Dist. Fulton No. F-05-014, 2006-Ohio-2615.

{¶ 10} Apparent from our review of the relevant case law and the record before us is that appellant has failed to demonstrate how the fact that his failure to receive the notice of the November 8, 2019 hearing, sent on October 3, 2019, and eventually found lying on the ground on his property should be considered excusable neglect. Appellant knew of the condition of his mailbox and knew that he was a defendant and counterclaimant in an ongoing small claims action. He received the initial complaint at that address so it stands to reason that additional court correspondence would have been sent to the same address. Finally, and as noted by the trial court, appellant could have called the court or accessed the online docket to learn of the hearing date (appellant acknowledged in his brief that the court informed him that the initial October 11, 2019 hearing date would be changed to include a hearing on his counterclaim.) Accordingly, we cannot say that the trial court abused its discretion when it denied appellant's Civ.R. 60(B) motion for relief. Appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we affirm the March 2, 2020 judgment of the Huron Municipal Court. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.