OPINION
{¶ 1} On April 18, 2003, appellants, Lori and Donald Emery, were injured in an automobile accident when their vehicle was struck from behind by a vehicle being operated by appellee, Karl Smith. At the time of the accident, appellee was insured with Allstate Insurance Company.
 {¶ 2} On July 20, 2004, appellants filed a complaint against appellee for damages as a result of the accident. The summons and complaint were sent to appellee via certified mail. Same were returned as "unclaimed" on August 12, 2004. Thereafter, appellants requested ordinary mail service. A certificate of mailing was filed on August 16, 2004.
 {¶ 3} On September 21, 2004, appellants filed a motion for default judgment based upon appellee's failure to plead or otherwise respond to the complaint. By order filed September 27, 2004, the trial court granted the motion. A hearing on damages was held on October 15, 2004. By magistrate's decision filed October 18, 2004, the trial court awarded appellants a total of $50,000.
 {¶ 4} On December 9, 2004, appellee filed a motion to vacate default judgment pursuant to Civ.R. 60(B). A hearing was held on January 20, 2005. By magistrate's decision filed same date, the trial court granted the motion. Findings of Fact and Conclusions of Law were filed on March 28, 2005. Appellants filed objections on April 8, 2005. By judgment entry filed April 12, 2005, the trial court overruled the objections.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO VACATE DEFAULT JUDGMENT WHERE APPELLEE FAILED TO DEMONSTRATE EXCUSABLE NEGLECT.
 II {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLEE HAD SET FORTH MERITORIOUS DEFENSES."
 {¶ 8} Appellants' two assignments of error challenge the trial court decision to grant appellee's motion for relief from judgment pursuant to Civ.R. 60(B). A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Appellants based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B) (1). In GTE Automatic Electric Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 9} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} It is under this standard that we shall review the assignments of error.
 I {¶ 11} Appellants claim the trial court erred in finding excusable neglect necessary for relief under a Civ.R. 60(B) (1) motion. We agree.
 {¶ 12} Appellants argue it is undisputed that appellee received the service of summons and understood it, but intentionally disregarded it. T. at 11.
 {¶ 13} Appellee stated he did not notify his insurance carrier because he assumed they would take care of it. T. at 11-12. He based this assumption on his experience with a previous court case. T. at 9-10. Appellee admitted his failure to notify his insurance carrier of the complaint was contrary to the instruction given to him by the insurance representative. T. at 15.
 {¶ 14} Appellants also argue the insurance carrier had some duty to investigate whether a lawsuit had been initiated because of their letter dated June 23, 2004. See, Exhibit B-7, attached to December 15, 2004 Affidavit of Rita Tripoli. In said letter to the insurance representative, appellants' counsel stated "[s]hould I not hear from you within ten days from today's date, I will assume you do not desire to resolve this matter without litigation and will initiate a lawsuit against your insured." After the lawsuit and the motion for default were filed, the insurance representative made an offer to settle. See, Letter dated September 22, 2004, attached to December 15, 2004 Affidavit of Rita Tripoli as Exhibit B-8.
 {¶ 15} The court may grant relief from judgment if it finds that the movant has made a good faith attempt to defend by promptly delivering to its insurance carrier the information necessary to defend it, and the insurance carrier failed to properly process the information. Colley v.Bazall (1980), 64 Ohio St.2d 243, 247. We find that Colley is not applicable to the instant case.
 {¶ 16} In the case at bar, appellee did not make a good faith effort to deliver to his insurance carrier the service of summons and complaint. Appellee admits that he had no excuse for not doing so. The November 19, 2003 letter from Allstate to appellee clearly notified him that it was his duty to notify the carrier if he had any contact with appellant's attorney. In Colley, supra, the Court cautioned that "even though a defendant has promptly notified an insurance company of the filing of the lawsuit, his neglect in failing to independently determinewhether an answer has been filed on his behalf may well change from`excusable' to `inexcusable' upon the passage of time, without regard to the one year provision regulating the timeliness of the motion." (Emphasis added.) Id. 64 Ohio St.2d at 249, 18 O.O.3d at 446, 416 N.E.2d at 609, fn. 4. Under the general definition of excusable neglect, it is some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 536
fn. 8, 706 N.E.2d 825, quoting Black's Law Dictionary (6 Ed. 1990) 566. See also, Hamilton v. Assicurazioni General, 5th Dist. No. CT2002-0034, 2003-Ohio-2291 at ¶ 14.
 {¶ 17} On whole, find the appellee's failure to file a response, erroneously believing that it had already been filed, was a direct result of his own carelessness or inattention, and not some unexpected or unavoidable hindrance or accident. See Vanest, 124 Ohio App.3d at 536
fn. 8, 706 N.E.2d 825. Therefore, it does not meet with the ordinary definition of excusable neglect. Moreover, to find for appellee in this instance, when he offers "no explanation or excuse" for his failure to timely file, would be an "emasculation of the pleading rules and time limits," which the Court proscribed in Griffey v. Rajan (1987),33 Ohio St.3d 75, 79, 514 N.E.2d 1122.
 {¶ 18} Upon review, we find appellee did not establish a sufficient amount of evidence to meet the burden of excusable neglect, and the trial court did err in granting the Civ.R. 60(B) motion.
 {¶ 19} Assignment of Error I is sustained.
 II {¶ 20} Appellants claim appellee failed to meet the standard for a meritorious defense under GTE Automatic, supra. We agree.
 {¶ 21} In its March 28, 2005 Conclusions of Law Nos. 5 and 6, the trial court found there existed a meritorious defense:
 {¶ 22} "5. Defendant presented sufficient evidence of a meritorious defense. Plaintiffs have alleged soft tissue injuries that raise issues as to proximate cause.
 {¶ 23} "6. Additionally, Defendant contends that Plaintiffs' vehicle was unlawfully stopped on a highway."
 {¶ 24} Appellee's affidavit filed December 9, 2004 states the following in pertinent part:
 {¶ 25} "3. At the time of the accident, and according to the police report, the plaintiff, Lori Emery, saw me approaching her from the rear at a high rate of speed. She apparently was attempting to pull over or stop on the highway when my vehicle rear ended hers."
 {¶ 26} Attached to the December 15, 2004 affidavit of Rita Tripoli, staff claims analyst for Allstate Insurance Company, is Exhibit B-4 which states the following under "FACTS":
 {¶ 27} "On April 18, 2003, my clients, driver Lori Emery and passenger Donald Emery, were traveling in an easterly direction on State Route 250 in the Township of Sugarcreek, County of Stark, and State of Ohio. At the same time and place, your insured, Karl Smith, who was traveling at a high rate of speed while also traveling in an easterly direction on State Route 250, failed to maintain an assured clear distance and struck the Emery's vehicle, pushing it into a ditch from the impact. In addition to being cited for failure to maintain an assured clear distance, your insured was also cited for driving under the influence.
 {¶ 28} "It is clear from the enclosed police report that your insured was totally responsible for the crash and liability is therefore undisputed."
 {¶ 29} Included in this exhibit is a diagnosis for appellant Donald Emery as "lower back pain and musculoskeletal spasm." Appellant Lori Emery was diagnosed with "cervical/thoracic sprain/strain and musculoskeletal spasm."
 {¶ 30} Based upon the documents filed, the trial court found a meritorious defense. No testimony as to the possible defenses was taken during the motion hearing.
 {¶ 31} "Personal knowledge" has been defined as "`[k]nowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay.' "Brannon v. Rinzler
(1991), 77 Ohio App.3d 749, 756, 603 N.E.2d 1049, 1054, quoting Black's Law Dictionary (6 Ed. 1990) 873. Ohio law establishes that statements contained in affidavits must be based on personal knowledge.State v. Licsak (1974), 41 Ohio App.2d 165, 169, 70 O.O.2d 325, 327-328, 324 N.E.2d 589, 593. Carkido v. Hasler (1998),129 Ohio App.3d 539, 548 at n. 4, 718 N.E.2d 496.
 {¶ 32} Appellee's statements respecting the alleged actions of appellants are not based upon personal knowledge; rather it is based upon a police report that is not in evidence. Appellee made no such assertion while under oath at the evidentiary hearing. Appellee's affidavit is devoid of operative facts identifying the basis for his belief.
 {¶ 33} In McKean v. Howell, 2002CA00293, 2003-Ohio-353 this court noted that appellant argued he had a meritorious defense because "he could demonstrate there was no proximate cause between the accident and appellee's damages. He further claims there was no medical testimony or report to establish the level of impairment claimed by appellee and no proximate cause established by appellee with regard to her injuries". Id. at ¶ 17. We rejected that argument as "self serving and underdeveloped. Appellant presents absolutely no evidence to demonstrate or back up these claims. Accordingly, we find they fall short of the establishing a meritorious defense". Id. at ¶ 18.
 {¶ 34} Although a movant is not required to support the motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20, 665 N.E.2d 1102, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. The movant must allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test." American Express TravelRelated Servs. v. Carleton, 10th Dist. No. 02AP-1400, 2003-Ohio-5950, ¶ 9. In our view, appellee wholly failed to meet this requirement. Appellant's motion for relief from judgment made no mention whatsoever of any specific facts which would constitute a meritorious defense to the complaint, other than the generalized statement that appellant suffered soft tissue injury. This does not rise to the degree of specificity required to demonstrate the existence of a meritorious defense, for purposes of Civ.R. 60(B).
 {¶ 35} Appellee presented no evidence at the hearing to further support any of its claims to a meritorious defense.
 {¶ 36} Appellee's motion merely asserted a general denial of any violation of Ohio law, and he claimed to have several affirmative defenses available to him if relief was granted. While the burden on the moving party is only to allege operative facts which would constitute a meritorious defense, appellant failed to meet his burden. See Colley v.Bazell (1980), 64 Ohio St.2d 243, 247, 18 O.O.3d 442, 444-445,416 N.E.2d 605, 608. Appellee presented absolutely no operative facts to show that he would have a meritorious defense if the trial court agreed to vacate the judgment that granted a default judgment against appellee. Therefore, we hold that the trial court abused its discretion by granting the motion for relief from judgment. Upon review, we find no meritorious defense has been advanced, and the trial court erred in granting the Civ.R. 60(B) motion.
 {¶ 37} Assignment of Error II is sustained.
 {¶ 38} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and the case is remanded to that court for further proceedings in accordance with this opinion and the law.
Gwin, P.J., and Hoffman, J. concur.
Farmer, J, dissents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the case is remanded to that Court for further proceedings in accordance with this opinion and the law.