[Cite as *Replex Mirror Co. v. Solar Tracking Skylights, Inc.*, 2011-Ohio-2650.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| REPLEX MIRROR COMPANY dba<br>REPLEX PLASTICS | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10 CA 23 |
| SOLAR TRACKING SKYLIGHTS, INC. | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No.  09 BR 12-0729


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      May 27, 2011


APPEARANCES:

For Plaintiff-Appellee

KIM M. ROSE
ADAM B. LANDON
CRITCHFIELD, CRITCHFIELD
& JOHNSTON, LTD
10 South Gay Street, P. O. Box 469
Mount Vernon, Ohio  43050

For Defendant-Appellant

CAROLYN KAYE RANKE
323 West Lakeside Avenue
Lakeside Place
Suite 420
Cleveland, Ohio  44113

*Wise, P. J.*

{¶1}  Defendant-Appellant Solar Tracking Skylights, Inc. appeals the decision of the Court of Common Pleas, Knox County, which denied its motion to vacate a default judgment previously granted in favor of Plaintiff-Appellee Replex Mirror Company, dba Replex Plastics. The relevant facts leading to this appeal are as follows.

{¶2}  Appellant STS (buyer in this instance) manufactures solar lighting and tracking systems. It is headquartered in Chicago, Illinois and has a worldwide customer base. Appellee Replex (seller in this instance) supplies some of the parts used in appellant's manufactured products. A dispute arose between the parties regarding purported non-conforming parts sold by appellee, leading to appellant's decision to withhold certain payments to appellee.

{¶3}  On December 4, 2009, appellee filed a civil complaint against appellant in the Knox County Court of Common Pleas, seeking monetary damages. It is undisputed that appellee's complaint was duly served by certified mail on appellant's Chicago-based statutory agent, Timothy Lavender, on or about December 15, 2009.

{¶4}  On January 19, 2010, appellee filed a motion for default judgment against appellant. The trial court granted same in the amount of $57,183.99, plus interest, on February 2, 2010.

{¶5}  In July 2010, appellee obtained a transfer of the Knox County default judgment to Cook County, Illinois for the purpose of garnishment and collection proceedings.

{¶6}  On September 2, 2010, appellant filed a motion for relief from judgment under Civ.R. 60(B), with a request for hearing, claiming it lacked actual knowledge of

the December 4, 2009 action filed by appellee. Appellee filed a brief in opposition on September 10, 2010, to which appellant replied on September 15, 2010.

**{¶7}** On November 3, 2010, the trial court denied appellant's motion for relief from judgment and request for hearing thereon.

**{¶8}** On December 6, 2010, appellant filed a notice of appeal.[1] It herein raises the following two Assignments of Error:

**{¶9}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING THE MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.

**{¶10}** "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING THE MOTION FOR RELIEF FROM JUDGMENT WITHOUT AFFORDING APPELLANT WITH AN ORAL HEARING."

I., II.

**{¶11}** In its First and Second Assignments of Error, appellant contends the trial court erred in denying its motion for relief from judgment and doing so without conducting a hearing. We disagree.

**{¶12}** Civ.R. 60(B) states in pertinent part as follows:

**{¶13}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

---

[1]   The trial court docket in this case is unclear as to service of the final judgment entry under appeal. See *In re Mills*, Richland App.No. 01 CA 96, 2002-Ohio-2503. However, pursuant to an interim order by this Court, appellant satisfactorily demonstrated that appellate jurisdiction had been properly invoked under App.R. 4(A).

new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. ***."

{¶14}  Civ.R. 60(B) represents an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. Furthermore, '[i]t is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *In re Estate of Kirkland*, Clark App.No. 2008-CA-57, 2009-Ohio-3765, ¶ 17, quoting *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (emphasis in original).

{¶15}  The case of *Boyd v. Ace Doran Hauling and Rigging* (Sept. 4, 1986), Marion App.No. 9-84-45, 1986 WL 9665, is instructive in the present appeal. In that case, a corporate defendant had conceded that the plaintiffs' civil complaint was served

on its statutory agent, but the defendant asserted that its claims department had been under reorganization and notice of the filing had never been given to defendant's counsel. In holding that the trial court had not abused its discretion in denying the defendant's motion for relief from judgment, the Third District Court in part relied on *Security Ins. Co. v. Regional Transit Auth.* (1982), 4 Ohio App.3d 24, paragraph three of the syllabus, which states: "Where a corporation is served with process at its principal office, and thereafter suffers a default judgment when it fails to answer the complaint or otherwise defend, judgment will not be vacated pursuant to Civ.R. 60(B)(5) merely because the corporation's counsel was not notified of the suit, absent proof that the corporation's failure to respond was caused by some extraordinary circumstance not the fault of the corporation."

{¶16} In *MCF Machine Co., Inc. v. Weststar Industries, Inc.* (Aug. 2, 1993), Stark App.No. CA-9196, 1993 WL 308452, this Court recognized: "It is the general principle that relief from default judgment may be granted on excusable neglect when service is properly made on a corporation, but a corporate employee fails to forward the summons and complaint to the appropriate person." Id., citing *Sycamore Messenger, Inc. v. Barons, Inc.* (1986), 31 Ohio App.3d 196. However, we also noted: "The affidavit to support such relief and in proof of excusable neglect is sufficient when it establishes the following: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant." Id., citing *Hopkins v. Quality Chevrolet, Inc.* (1992), 79 Ohio App.3d 578. We further held: "It is incumbent upon the moving party *** to establish the general

overall process or the usual procedure steps in order to satisfy the court that the failure to respond was not in ' * * * consequence of the parties' own carelessness, inattention, or willful disregard of the process of the court * * *.' " Id., citing *Federal National Mortgage Assn. v. Banks* (Dec. 6, 1991), Montgomery App.No. 12692, 1991 WL 254652.

{¶17} The record in the case sub judice includes the affidavit of appellant's principal, George Kramerich, who averred in pertinent part as follows:

{¶18} "8. I was unaware of the lawsuit pending in Knox County, Ohio filed by Replex until after the transfer of the judgment to Cook County, Illinois. I do not dispute that the statutory agent was served. However, due to my travel schedule, I was clearly unaware of its filing and the necessity to defend the lawsuit.

{¶19} " *** "

{¶20} Although appellant's motion herein recites 60(B)(1), (3), and (5), we find it essentially goes to the issue of "excusable neglect." Our reading of Kramerich's affidavit in toto does not reveal further details regarding the time and geographical facets of his travels, nor does it set forth what steps the company had taken to delegate responsibilities in his absence, particularly as to responding to legal process. Moreover, documentation of Kramerich's correspondence with appellee's president Mark Schuetz, appears to contradict Kramerich's assertion of lack of knowledge of the complaint, or at least indicates he was at least aware that a lawsuit was forthcoming. In a December 2009 e-mail, Kramerich wrote Schuetz: "Got your voice message and the legal notice from [Law Firm] Critchfield." Kramerich added that his company was "not contesting the payment obligation." Schuetz responded, via e-mail: "We only reverted to the legal

approach when all voice mails and emails were being ignored and zero payment was being received." See Replex's Memorandum Contra the Motion to Vacate.

**{¶21}** Accordingly, pursuant to the guidance set forth in *MCF Machine* and *Boyd*, supra, we are unable to conclude the trial court abused its discretion in refusing to find 'excusable neglect' pursuant to Civ.R. 60(B)(1) so as to warrant relief from the default judgment, and we likewise find no abuse of discretion in the court's decision to decide the issue without conducting a hearing.

**{¶22}** Accordingly, appellant's First and Second Assignments of Error are overruled.

**{¶23}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

                                                    JUDGES

JWW/d 0505

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

REPLEX MIRROR COMPANY   :
dba REPLEX PLASTICS     :
             :
  Plaintiff-Appellee    :
             :
-vs-           :    JUDGMENT ENTRY
             :
SOLAR TRACKING SKYLIGHTS, INC. :
             :
  Defendant-Appellant   :    Case No. 10 CA 23

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

            JUDGES