[Cite as *Russell v. McDonalds, Inc. #3737*, 2020-Ohio-4300.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

URSULA WASHINGTON RUSSELL,  :

    Plaintiff-Appellee,  :

                                   No. 109112

v.  :

McDONALDS INC. #3737  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 3, 2020

---

Civil Appeal from the Euclid Municipal Court
Case No. 18-CVI-03687

---

## *Appearances:*

Manchester Newman & Bennett, L.P.A., and Karly B. Johnson, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Plaintiff Ursula Washington Russell ("Russell") alleged she was assaulted by an employee of a McDonald's in Euclid, Ohio. The McDonald's was owned by defendant H.L.W. Fast Track, Inc. d.b.a. McDonald's ("Fast Track"). Russell filed a complaint at the Small Claims Division of the Euclid Municipal Court,

seeking $6,000 for the injury she sustained from the incident. Fast Track did not appear at the hearing set for the small claims matter. The trial court entered a judgment of $6,000 in favor of Russell. Fast Track subsequently filed a Civ.R. 60(B) motion to set aside judgment. The trial court denied the motion. Fast Track now appeals from the judgment. After a review of the record and the applicable law, we conclude that the trial court did not abuse its discretion in denying Fast Track's motion to set aside judgment.

## Background

{¶ 2} Russell and Consuela Wilson had a prior dispute before the instant assault incident. Wilson believed Russell's husband was the father of Wilson's child, and both Russell and her husband had a restraining order against Wilson. Russell alleged that, on February 21, 2017, she went to the drive-through window at the McDonald's located at 22291 Euclid Avenue in Euclid. Unbeknown to her, Wilson was working at the drive-through window. When Wilson saw Russell, Wilson tried to pull Russell through the drive-through window, and then came out of the building to attack her. While running away from Wilson, Russell sprained her ankle. Russell later went through two surgical procedures to repair her ankle. Wilson was subsequently charged with assault and, because she was on probation for a prior unrelated criminal case, she violated her probation and was returned to prison.

{¶ 3} After the incident, Russell notified the Euclid McDonald's. She also called a McDonald's complaint hotline to report the incident. According to Fast Track, its insurance carrier determined that Wilson had been terminated several

days before the incident. On October 23, 2018, Russell, pro se, filed a complaint in the Small Claims Division of Euclid Municipal Court, naming "McDonald # 3737" as defendant. She sought $6,000 for her ankle injury.

{¶ 4} The trial court's docket reflects that the summons and complaint were sent by certified mail to 22291 Euclid Avenue, Euclid, Ohio. The certified mail was addressed to "McDonald's Inc. #3737 c/o Herbert Washington, 22291 Euclid Ave., Euclid, OH 44117." Herbert Washington ("Washington") is the owner and operator of the Euclid McDonald's. The court's docket reflects a signed receipt of the certified mail and also a notice to defendant for the hearing scheduled for this matter.

{¶ 5} On the scheduled date, the magistrate held a hearing on the matter. No one appeared on behalf of "McDonald's Inc. #3737." The magistrate took evidence from Russell at the hearing and later issued a decision awarding plaintiff a judgment of $6,000. The magistrate found Russell sustained a severe ankle fracture that required two surgical procedures as a result of being assaulted by Wilson, and she incurred significant medical expenses and was still receiving therapy. The magistrate's decision was sent to defendant at the Euclid address and it was not returned to the court. On December 26, 2018, the trial court entered judgment against "McDonald's Inc. #3737." The judgment was also sent to defendant at the same address and it was similarly not returned to the court.

**Civ.R. 60(B) Motion to Set Aside Judgment**

{¶ 6} On March 8, 2019, Fast Track, through counsel, filed a Civ.R. 60(B) motion to set aside judgment. It argued that it was not served with the summons

and complaint and, furthermore, even if it was aware of the lawsuit, its failure to take any action regarding this matter constituted excusable neglect.

**{¶ 7}** Attached to Fast Track's motion was an affidavit from Thomas Micco ("Micco"). He stated that Washington is the owner of H.L.W. Fast Track, Inc. that owned 23 McDonald's franchises at the time, including the Euclid McDonald's, and that Washington conducts his work primarily at the company's corporate office in Youngstown, Ohio. Micco, the company's controller, further averred that no one at Fast Track received the summons or the complaint in this case. Washington was unaware of the lawsuit until March 27, 2018, when a manager of the Euclid McDonald's forwarded a picture of the judgment to Washington.

**{¶ 8}** Micco stated that Fast Track's records show that Russell called McDonald's complaint hotline on February 22, 2017, to report that on February 20, 2017,[1] Wilson "spit on her and kicked her car." McDonald's hotline notified Fast Track and York Insurance ("York"), Fast Track's insurance carrier, of the alleged incident. York then contacted Fast Track and requested the employee time records. After an investigation, York determined that Wilson had been terminated on February 15, 2017, several days before the alleged incident. Micco also averred that its Employee Handbook prohibits any "discourtesy" towards customers and any unlawful acts toward customers are terminable offenses.

---

[1]Russell's complaint did not specify the date of the incident. At the hearing before the magistrate, Russell stated the date of the incident was February 21, 2017.

**{¶ 9}** On May 7, 2019, the magistrate held a hearing on Fast Track's motion to set aside judgment. At the hearing, the magistrate inquired regarding the possibility of settlement and urged the parties to engage in settlement discussion. Before the hearing was concluded, the magistrate offered Fast Track's counsel an opportunity to present additional evidence. Counsel replied that the brief accompanying the motion had addressed all the issues and did not put on additional evidence beyond the exhibits attached to the motion.

**{¶ 10}** The settlement negotiations were unsuccessful. Subsequently, on June 4, 2019, the magistrate issued a decision denying Fast Track's motion to set aside judgment. The magistrate noted that Fast Track did not deny that the summons and complaint as well as the magistrate's decision were all served at the business location where the assault allegedly occurred, and that these legal documents were sent in care of Washington, the owner of the business. The magistrate found it difficult to comprehend why the management team at the Euclid McDonald's would sign for a certified letter from the municipal court in care of the business's owner and then ignore it. The magistrate noted that the mail from the court containing his decision was also ignored.

**{¶ 11}** Fast Track filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. This appeal follows. On appeal, Fast Track raises the following error for our review:

> The trial court erred in denying Defendant-Appellant's Motion to Set Aside Judgment.

{¶ 12} Fast Track first argues the trial court's judgment was void because Fast Track was not properly served with the complaint and summons. It claims that, without effective service of process, the court did not have jurisdiction over it.

**Service**

{¶ 13} Civ.R. 4.2(F) governs service of process on a corporation. It states that a corporation may be properly served in any of the three ways: "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1 (A)(1); or by serving an officer or a managing or general agent of the corporation." Civ.R. 4.1(A)(1) provides for service by certified mail.

{¶ 14} "In general, the test for determining whether a party was properly served is whether service of process was 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Madorsky v. Radiant Telecom, Inc.*, 8th Dist. Cuyahoga No. 87231, 2006-Ohio-6409, ¶ 7, quoting *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). "A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts." *Id.* citing *Nowak v. Nowak*, 8th Dist. Cuyahoga No. 80724, 2003-Ohio-1824, ¶10.

{¶ 15} Pursuant to Civ.R. 4.2(F), a corporation may be properly served at "any of its usual places of business." Here, Russell served the summons and complaint by certified mail in care of Washington — who owned Fast Track — at one

of its usual places of business, the Euclid McDonald's, where the subject incident occurred. The court's docket reflected the certified mail was signed.

{¶ 16} Fast Track, however, argues the service of process was not reasonably calculated to alert it of the lawsuit, claiming that Russell should have served the summons and complaint either through its statutory agent or at Fast Track's Youngstown corporate office. In support of its claim, Fast Track points to evidence suggesting that Russell had searched the company in the Ohio Secretary of State website and also points to the prelitigation communication Russell had with Fast Track's corporate office, which presumably reflected her awareness of its corporate location in Youngstown.

{¶ 17} We find no merit to Fast Track's claim. Regardless of whether Russell knew of Fast Track's corporate office or its statutory agent, the question was whether the service made at the Euclid McDonald's, where the incident occurred, was reasonably calculated to apprise Fast Track of pendency of the instant action. The record shows Fast Track was aware of the incident at the Euclid McDonald's. Its insurance carrier had also requested records of its employees at that location for an internal investigation. Under these circumstances, it defies common sense for Fast Track to claim that the service of process made at its place of business where the subject incident occurred was not reasonably calculated to alert it to the lawsuit.

**Excusable Neglect**

{¶ 18} Fast Track also claims that even if the service was proper, its failure to respond to the lawsuit constituted excusable neglect because the summons and complaint was never forwarded to "an appropriate party."

{¶ 19} "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 20} To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).  Regarding the second requirement, Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

{¶ 21} "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed,

while bearing in mind that Civ.R. 60(B) constitutes an attempt to "'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting 11 Wright & Miller, *Federal Practice & Procedure* 140, Section 2851. In determining whether excusable or inexcusable neglect has occurred, a court "must of necessity take into consideration all the surrounding facts and circumstances." *Griffey v. Rajan*, 33 Ohio St.3d 75, 79, 514 N.E.2d 1122 (1987).

{¶ 22} A defendant's inaction is not "excusable neglect" if it can be characterized as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). Neglect is not excusable when it is a result of the party's own "carelessness, inattention, or willful disregard of the process of the court" rather than a result of some "unexpected or unavoidable hindrance or accident." *Emery v. Smith*, 5th Dist. Stark Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶ 16.

{¶ 23} "While unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." *Natl. City Bank v. Kessler*, 10th Dist. Franklin No. 03AP-312, 2003-Ohio-6938, ¶ 14.

{¶ 24} In *Sycamore Messenger, Inc. v. Cattle Barons, Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1st Dist.1986), the First District upheld the trial court's finding of excusable neglect where a bookkeeper failed to forward a complaint to the appropriate person and was later fired for the mishap. Subsequently, the appellate

courts have elaborated on *Sycamore*'s holding and explained that it is not essential that the specific identity of the person responsible for the mishap be revealed; rather, an affidavit to support proof of excusable neglect is sufficient if it establishes the following: "(1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant." *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 583, 607 N.E.2d 914 (4th Dist.1992). *See also, e.g.*, *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 324, 680 N.E.2d 1069 (10th Dist.1996); *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335; *Replex Mirror Co. v. Solar Tracking Skylights, Inc.*, 5th Dist. Knox No. 10 CA 23, 2011-Ohio-2650; and *Cooperider v. OK Cafe & Catering, Inc.*, 3d Dist. Marion No. 9-09-28, 2009-Ohio-6715. There is no requirement that the affidavit actually describes the procedure in detail; it must merely state that a procedure exists and that it was not followed. *Kinter v. Giannaris*, 11th Dist. Geauga No. 93-G-1781, 1994 Ohio App. LEXIS 1245, 11 (Mar. 25, 1994).

{¶ 25} Here, Fast Track's controller Micco's affidavit stated that neither its statutory agent nor any employee at Fast Track's corporate office received the summons or complaint, and Fast Track did not know what happened to the summons and complaint. The affidavit further averred the following:

> The vast majority of the employees at the franchises owned by H.L.W. Fast Track, Inc. are trained only on how to handle day-to-day fast food

operations. Those same employees are not trained to handle summons, complaints, or other legal documents.

{¶ 26} Micco's affidavit, rather than establishing that there was a certain procedure to be followed in the corporate hierarchy for dealing with important court documents, actually acknowledged there was a lack of any such procedure. As the magistrate noted, subsequent mails containing legal documents from the court were similarly ignored. Having been made aware of the alleged incident at the Euclid McDonald's, Fast Track failed to respond to the action filed in the court regarding the incident. The neglect reflects its own carelessness, inattention, or willful disregard of the process of the court; it is not a result of some "unexpected or unavoidable hindrance or accident." *Emery*, *supra*.

{¶ 27} Fast Track relied on *Hopkins, supra,* that held that "relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person." *Id.* at 582. In *Hopkins*, however, the affidavit submitted by defendant averred that in the ordinary course of its business all legal matters were to be referred to the company's general manager or president. Here, Micco's affidavit did not establish any such corporate procedure; neither did it set forth any facts explaining why a certified letter from a court sent in care of the owner of the business failed to be reported up the chain of command.[2]

---

[2]Fast Track also cites *Enhanced Sys., Inc. v. CBM Computer Ctr.*, 8th Dist. Cuyahoga No. 56978, 1989 Ohio App. LEXIS 2870 (July 20, 1989) to support its claim. There, defendant corporation submitted affidavits showing that its controller received the

{¶ 28} Because Fast Track fails to demonstrate excusable neglect, we do not reach the issue of whether it has a meritorious defense in the underlying case, or whether Fast Track's motion to set aside judgment, filed 72 days after the entry of the court's judgment, was made within a reasonable time.

{¶ 29} Having reviewed the record and the applicable case law precedents, we conclude the Euclid Municipal Court did not abuse its discretion in denying Fast Track's Civ.R. 60(B) motion to set aside judgment.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
RAYMOND C. HEADEN, J., CONCUR

---

complaint and immediately forwarded it to its general counsel in the corporate office in Kentucky but somehow the corporate office did not receive it. This court determined that defendant sufficiently alleged grounds of excusable neglect: after the complaint was received, the corporation misplaced it during the process of sending the complaint to its general counsel. *Enhanced Sys.* is also distinguishable.