[Cite as *Berhane v. Walmart, Inc.*, 2024-Ohio-3163.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| YORDANOS BERHANE, | : | APPEAL NO. C-230628 |
| | | TRIAL NO. A-2202387 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| WALMART, INC., | : | |
| | | |
| Defendant-Appellee. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 21, 2024


*McIntosh & McIntosh, PLLC*, and *M. Todd McIntosh*, for Plaintiff-Appellant,

*Reminger Co., LPA, Nathan A. Lennon* and *Michael J. Caligaris*, for Defendant-Appellee.

**BERGERON, Judge.**

{¶1}    After plaintiff-appellant Yordanos Berhane filed her claim for damages relating to a slip and fall at a Walmart store in Cincinnati, her attorney admittedly dropped the ball a few times early in the litigation, failing to attend case conferences and haphazardly keeping up with the trial court's docket.  Nonetheless, defendant-appellee Walmart, Inc., ("Walmart") encountered its own difficulties by failing to assert or explain how Ms. Berhane's service of process by certified mail at the Walmart store where the injury occurred failed to put Walmart on notice of the action.  After reviewing the record and the parties' arguments, we conclude that the trial court erred by granting Walmart's motion to dismiss based on the applicable statute of limitations and insufficiency of process because Ms. Berhane's certified mail service on the store raised a presumption of proper service that Walmart never rebutted (and that the trial court never addressed).  We thus reverse its judgment and remand the cause for further proceedings.

I.

{¶2}    Ms. Berhane alleges that she was injured at a Walmart store on Ferguson Road in Cincinnati, Ohio, on July 12, 2020.  She filed a complaint against "Walmart, Inc." on July 1, 2022, claiming that it failed to remove debris in an aisle that was open to the public, causing her to slip and fall and leading to severe injuries.  Although she identified only Walmart, presumably the overarching, multinational corporate entity, as a defendant, she listed as its address the location of the local store on Ferguson Road.  She requested personal service on Walmart at that store, which was completed shortly thereafter, as confirmed by the clerk of courts on July 8, 2022.

2

**{¶3}** After about nine months of inaction, on April 7, 2023, Ms. Berhane filed a written request for service via certified mail to two locations: to Walmart at the Ferguson Road store address, and to "Walmart, Inc., Statutory Agent, CT Corporation System," Walmart's registered statutory agent, at its address in Columbus, Ohio. The docket reflects that certified mail service was completed at the Ferguson Road store on April 10, 2023, per a postal receipt signed by "Eric Manz" that was returned to the clerk and entered on the docket a week later. Nothing in the record indicates that Walmart's statutory agent was ever served pursuant to the April 2023 request.

**{¶4}** On July 21, 2023, more than one year after filing the complaint and more than three years after her injury, Ms. Berhane again filed for certified mail service on Walmart's statutory agent. Per a receipt returned to the clerk and entered on the docket on July 31, 2023, the statutory agent was served on July 24, 2023. But on July 25, 2023, Ms. Berhane and her counsel failed to appear at a case management conference that had been scheduled for that day. Subsequently, noting Ms. Berhane's failure to appear, the court issued a notice of intent to dismiss without prejudice due to lack of proper service on Walmart, citing Civ.R. 41(B) and Civ.R. 4(E), if Ms. Berhane did not perfect service before the next case management conference, which was rescheduled to September 19, 2023. The notice was entered on the docket on July 27, 2023.

**{¶5}** Taking its cue from the court, Walmart followed up with a motion to dismiss with prejudice under Civ.R. 12(B)(6), generally alleging that Ms. Berhane failed to commence the action within one year of the filing date as required by Civ.R. 3(A). Thus, it argued, the two-year statute of limitations for her claim had expired, and she could not refile the claim. Ms. Berhane alleges that she never received this

motion to dismiss. Walmart's motion included a certification that the motion was served on Stuart Richards, who had filed the complaint on behalf of Ms. Berhane. No other attorney representing Ms. Berhane had entered an appearance by that time.

{¶6} On August 21, 2023, attorney Todd McIntosh for the first time entered his appearance as counsel for Ms. Berhane. The same day, Ms. Berhane filed a "Notice of Service on Defendant" responding to the court's July 2023 notice of intent to dismiss. She claimed that Walmart was served "at its street address" on April 27, 2023, and acknowledged that she had requested certified mail service on Walmart's statutory agent but that it had not been returned to the clerk as of July 20, 2023. She then noted that certified mail service on the agent was again requested on July 21, 2023, and was confirmed by the clerk on July 31, 2023. Finally, she acknowledged the upcoming September 19 case conference but did not mention Walmart's motion to dismiss.

{¶7} After Ms. Berhane and her counsel failed to attend both the September 19 case conference and another conference scheduled for October 24, the trial court granted Walmart's motion to dismiss with prejudice pursuant to Civ.R. 3(A) and 12(B)(6) because the case was not timely commenced under Civ.R. 3(A) and because the two-year statute of limitations period under R.C. 2305.10(A) had expired.

{¶8} About a month later, Ms. Berhane moved to vacate the dismissal order under Civ.R. 60(A) and 60(B), claiming that Walmart was properly and timely served in April 2023 and that personal matters regarding Mr. McIntosh led to her failure to attend case management conferences and to meet filing deadlines. Ms. Berhane further maintained that if the matter were to be dismissed for lack of service, the

4

matter should have been dismissed per Civ.R. 12(B)(5), under which dismissal with prejudice would have been inappropriate, rather than per Civ.R. 12(B)(6).

{¶9} The trial court overruled Ms. Berhane's motion, noting that she never responded to Walmart's August 11 motion to dismiss and that dismissal was appropriate pursuant to the court's authority under Loc.R. 14(B) of the Hamilton County Court of Common Pleas. It also concluded that the dismissal was appropriate for the reasons expressed in Walmart's memorandum in opposition to the motion to vacate the dismissal order. Ms. Berhane now appeals the dismissal and the court's entry overruling her motion to vacate.

## II.

{¶10} Across four assignments of error, Ms. Berhane challenges the dismissal and the denial of her motion to vacate on several grounds. We first consider the parties' respective claims that the other party waived its right to appeal the dismissal.

## A.

{¶11} Walmart claims that Ms. Berhane waived her right to appeal the order granting dismissal by failing to respond to its motion to dismiss, insisting that her August 2023 notice of service did not suffice as a response. In that notice, filed ten days after Walmart filed its motion to dismiss, Ms. Berhane defends against the court's assertion that she failed to commence the action within one year of filing, as required by Civ.R. 3(A). In essence, she claims that she timely and appropriately perfected service upon Walmart within the commencement period and thus within the statute of limitations. Although she does not explicitly refer to Walmart's motion to dismiss, her notice was filed within the 14-day period for responding to a motion to dismiss,

*see* Civ.R. 6(C)(1), and her response substantively rebuts the main argument of the motion to dismiss—that Walmart was not timely served.

**{¶12}** Therefore, with an eye toward this court's preference to resolve cases on the merits, we construe Ms. Berhane's notice of service as responsive to Walmart's motion to dismiss. *See Williams v. Hill*, 2010-Ohio-4189, ¶ 5 (10th Dist.), citing *Whipps v. Ryan*, 2008-Ohio-1216, ¶ 23 (10th Dist.) ("[T]his court prefers to resolve cases on their merits rather than upon procedural default."). Ms. Berhane thus preserved the argument for appeal that her April 2023 certified mail service at the Walmart store in Cincinnati constituted effective service on Walmart.

**{¶13}** Ms. Berhane, in her third assignment of error, claims that Walmart waived its chance to challenge the effectiveness of the April 2023 service upon the Walmart store in Cincinnati by failing to address that attempt at service in its motion to dismiss. But Walmart did at least assert that service was ineffective until the July 2023 certified mail service on its statutory agent, which fell beyond the one-year time limit for service after the filing of a complaint under Civ.R. 3(A). Although Walmart's failure to address the April 2023 service affects the analysis that follows, we provide it the same leniency we give Ms. Berhane at this stage in the proceedings and construe as preserved its general argument that service was untimely. We thus overrule Ms. Berhane's third assignment of error.

B.

**{¶14}** Turning to the substance of the trial court's dismissal order, Ms. Berhane primarily argues that the trial court erred by granting the dismissal, with prejudice, because the April 2023 certified mail service on the Walmart store was effective, rendering her action timely commenced under Civ.R. 3(A). She also faults

the court for failing to take judicial notice of the April 2023 certified mail service upon the Walmart store in Cincinnati, and she points out that the court did not convert Walmart's motion to dismiss into a motion for summary judgment even though it asserted a statute of limitations defense and contained information beyond the four corners of the complaint.

**{¶15}** This appeal turns on whether Ms. Berhane properly and timely served Walmart with the summons and complaint.[1] We typically review the trial court's grant of a motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. But "[w]e review a trial court's finding [regarding whether] service of process was accomplished for an abuse of discretion." *Simpson v. Simpson*, 2024-Ohio-4, ¶ 29 (1st Dist.), citing *Belisle Constr. Inc. v. Perry*, 2022-Ohio-239, ¶ 22 (3d Dist.). An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶16}** Under Civ.R. 4.2(F), service of process upon a corporation shall be made "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving an officer or a managing or general agent of the corporation." Civ.R. 4.1(A)(1) allows for court clerk service by express or certified mail or by commercial carrier service but does not permit personal service.

---

[1] Although Ms. Berhane characterizes the court's dismissal order on service of process and statute of limitation grounds as resulting from its failure to take judicial notice (under Evid.R. 201) of her April 2023 service on the Walmart store in Cincinnati, she never asked it to take judicial notice of that fact below. Accordingly, the appeal is best resolved by examining the merits of the attempt at service rather than through the lens of judicial notice.

And under Civ.R. 3(A), a civil action is "commenced" by obtaining service upon the defendant within one year of filing a complaint that names it.

{¶17} The parties do not dispute that the statute of limitations for bodily injury claims like Ms. Berhane's is two years under R.C. 2305.10(A). Walmart seems to acknowledge that the one-year commencement requirement under Civ.R. 3(A) effectively allows for an action to continue where the filing of the complaint, but not service of process, occurs within the statute of limitations period, so long as service is perfected (and the case is thus "commenced") within one year of the filing of the complaint. *See Anderson v. Borg-Warner Corp.*, 2003-Ohio-1500, ¶ 23 (8th Dist.) (holding that plaintiffs failed to commence their action under Civ.R. 3(A) and thus that dismissal with prejudice was appropriate where plaintiffs' complaint was filed within the statutory period but service was not obtained within one year after filing and where the statute of limitations expired during that one-year commencement period). Ms. Berhane timely filed her complaint on July 1, 2022, within the two-year limitations period that expired on July 12, 2022, and her action could therefore continue so long as she properly "commenced" the action under Civ.R. 3(A) within one year after filing the complaint. *See id*; *Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113, ¶ 16 (holding that Civ.R. 3(A) allows for the statute of limitations for medical claims under R.C. 2305.113(A) to be met even if the action is "commenced" by service of process occurring outside of the limitations period, so long as the complaint was timely filed within that period).

{¶18} Ms. Berhane's attempt at personal service on the Walmart store in Cincinnati in July 2022 was ineffective against Walmart because personal service is not "a method authorized under Civ.R. 4.1(A)(1)." Civ.R. 4.2(F). And she admits that

the July 2023 certified mail service on Walmart's statutory agent fell outside of the one-year commencement period. Therefore, whether service was effective and thus whether the action was timely "commenced" under Civ.R. 3(A) depends on whether the April 2023 certified mail service upon the Walmart store in Cincinnati was effective.

**{¶19}** Generally, "[d]ue process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 333 (1980), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying this principle in the context of Civ.R. 4.2(F)'s rule that a plaintiff can serve a corporation at "any of its usual places of business," one of our sister courts has held that a "presumption of proper service arises when a plaintiff makes service to a corporate location reasonably calculated to apprise the corporation of the pendency of the action, and when the Postal Service returns a receipt signed by any person from that location." *City of Youngstown City Demolition v. Rainy Day Rentals*, 2023-Ohio-3601, ¶ 16 (7th Dist.). When a presumption of proper service is established, "it is incumbent on the defendant to provide evidence demonstrating failure of service or improper service." *Id.*, citing *Blon v. Royal Flush, Inc.*, 2022-Ohio-1958, ¶ 18 (7th Dist.). "One way to defeat the presumption that certified-mail service is valid lies in demonstrating a procedural flaw in the service: use of the wrong address, receipt by someone who is not a proper person, or untimely mailing or receipt." *Gaston v. Medina Cty. Bd. of Revision*, 2012-Ohio-3872, ¶ 14.

9

{¶20} Here, despite the return and docketing of a postal receipt showing that certified mail service had been completed upon the Walmart store in Cincinnati where Ms. Berhane's alleged injury occurred, neither Walmart nor the trial court ever directly addressed the efficacy of that service. Both only touched on the issue by inference— Walmart impliedly challenged it by arguing that no service was effective until the July 2023 certified mail service, and the trial court perhaps impliedly rejected it (or otherwise disregarded it) by entering a notice of intent to dismiss and a final dismissal order months after the completed service.

{¶21} Perhaps the form of effective service *most likely* to apprise Walmart of Ms. Berhane's action against it was certified mail service upon its registered statutory agent. But Civ.R. 4.2(F) does not require a plaintiff to choose the *best* method of service; it requires service upon "the corporation at any of its usual places of business," Civ.R. 4.2(F), and due process requires that method of service "be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *In re Foreclosure of Liens for Delinquent Taxes* at 333; *see Russell v. McDonalds Inc.*, 2020-Ohio-4300, ¶ 15-17 (8th Dist.) (holding that the plaintiff's certified mail service at a McDonalds restaurant where she was injured was reasonably calculated to apprise the store's operating corporate entity of the plaintiff's pending action against it). Without more of an argument from Walmart (or a finding by the trial court) that the Walmart store in Cincinnati was not one of Walmart's "usual places of business," and without an explanation as to why or how that service was not reasonably calculated to put Walmart on notice about Ms. Berhane's action against it, we conclude that the postal receipt showing certified mail service upon the Walmart

store raised a presumption of proper service on Walmart. *See City of Youngstown City Demolition* at ¶ 16.

**{¶22}** Of course, Walmart had the opportunity to rebut this presumption of proper service by filing an affidavit or other response contesting the effectiveness of service. Indeed, it now argues on appeal that the Walmart store in question is operated by "Wal-Mart Stores East, L.P." and not by "Walmart, Inc.," the defendant named in the complaint. Accordingly, it now argues Ms. Berhane sued the wrong corporate entity. But where was that argument below? As this court has repeatedly established, a party who fails to raise an argument to the trial court below waives its right to raise it on appeal. *See U.S. Bank Natl. Assn. v. Broadnax*, 2019-Ohio-5212, ¶ 13 (1st Dist.), citing *Ditech Fin., LLC v. Balimunkwe*, 2019-Ohio-3806, ¶ 11 (1st Dist.). Not only did Walmart fail to raise that argument below, but we also see no record substantiation of the point.

**{¶23}** Given Walmart's failure in its motion to dismiss or elsewhere in the trial court proceedings to rebut the presumption of proper service with any argument about Ms. Berhane serving the wrong entity, using the wrong address, or otherwise failing to apprise it of the action, the trial court abused its discretion by finding service improper and accordingly erred in granting Walmart's motion to dismiss. We therefore sustain Ms. Berhane's first assignment of error in part as it relates to the trial court's grant of Walmart's motion to dismiss.

**{¶24}** Because Ms. Berhane succeeds on the merits of her core argument, we need not consider whether the trial court should have construed Walmart's motion to dismiss as a motion for summary judgment, and we decline to rule on her second assignment of error as moot. We also need not consider whether the trial court erred

11

in overruling Ms. Berhane's motion to vacate under Civ.R. 60, and we decline to address her fourth assignment of error and her first assignment of error in part as it pertains to that judgment.

\*　　\*　　\*

{¶25}  In sum, the trial court erred by granting Walmart's motion to dismiss because Ms. Berhane's confirmed certified mail service upon the Walmart store in Cincinnati in April 2023 raised a presumption of proper service that Walmart failed to rebut.  We thus sustain her first assignment of error in part as it relates to the dismissal order, reverse the judgment of the trial court granting Walmart's motion to dismiss with prejudice, and remand the cause for further proceedings.  Additionally, we overrule her third assignment of error relating to waiver and decline to address as moot her second and fourth assignments of error in full and her first assignment of error in part as it relates to the trial court's judgment overruling her Civ.R. 60 motion to vacate.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.